DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Luther Cheatham, appeals the decision of the Summit County Court of Common Pleas, which denied his motion for correction or modification of his sentence. This Court affirms.
 I. {¶ 2} In January of 1992, appellant was convicted, by jury trial, of three counts of felonious assault, with gun specifications on all three counts. On January 8, 1992, the trial court sentenced appellant to prison for seven to twenty-five years for count one, ten to twenty-five years for the merged counts two and three, three years for the gun specification for count one, and three years for the gun specifications for the merged counts two and three. In its sentencing entry, the court ordered that the sentences for the felonious assault counts be served consecutively to each other, and the sentences for the gun specifications be served consecutively to each other, as well as consecutively to the felonious assault sentences.
 {¶ 3} On February 4, 1992, appellant, through appointed counsel, appealed his conviction. This Court affirmed appellant's conviction inState v. Cheatham (July 14, 1993), 9th Dist. No. 15576. On September 16, 1996, appellant filed a petition for postconviction relief, requesting the trial court vacate or set aside his 1992 sentence. On November 14, 1996, the trial court denied appellant's petition on the basis he had failed to produce evidence that there was a denial or infringement of his rights which would render his conviction void. On December 10, 1996, appellant appealed the denial of his petition for postconviction relief. This Court affirmed the denial of appellant's petition in State v.Cheatham (Feb. 18, 1998), 9th Dist. No. 18245.
 {¶ 4} On May 8, 2003, appellant filed a second petition for postconviction relief, requesting the trial court to correct or modify his 1992 sentence. On May 22, 2003, the trial court denied appellant's petition on the basis that appellant's claim was barred by res judicata.
 {¶ 5} Appellant timely appealed the denial of his second petition, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court abused its discretion and violated appellant[']sfourteenth amendment rights under the united states constitution, and Article I Section 10 of the Ohio constitution after it failed to correct appellant[']s illegally imposed sentence."
 SECOND ASSIGNMENT OF ERROR
"The trial court committed plain error and abused its discretion in violation of the appellant[']s due process rights under the Ohio and Federal constitution when it imposed an additional three year actual firearm sentence on appellant for one criminal act."
 {¶ 6} In his two assignments of error, appellant argues the trial court improperly sentenced him and, subsequently, erred by denying his motion for postconviction relief, specifically to correct or modify his sentence. This Court disagrees.
 {¶ 7} Petitions for postconviction relief are governed by R.C.2953.21, which provides in relevant part:
"(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
"(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication [.]"
 {¶ 8} R.C. 2953.23 governs second or successive petitions for postconviction relief and provides, in relevant part:
"(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions forsimilar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
"(b) Subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitione's situation, and the petition asserts a claim based on that right.
"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." (Emphasis added.)
 {¶ 9} A court is precluded from addressing petitions for postconviction relief that are untimely. R.C. 2953.21(A)(2). Second and subsequent petitions for postconviction relief are governed by R.C.2953.23. This Court has stated:
"If a petitioner files a petition for postconviction relief beyond the mandated time, he must first demonstrate to the court that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or, subsequent to the appeal period, the United States Supreme Court recognized a new right to be applied retroactively to those in his position. R.C. 2953.23(A). The petitioner must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. Id. The same threshold standard is applied for successive postconviction relief petitions. Id." State v. McGee, 9th Dist. No. 01CA007952, 2002-Ohio-4249, at ¶ 10.
 {¶ 10} In this case, appellant was convicted and sentenced in 1992. He filed this successive motion in May of 2003, long after the time for postconviction relief had run. Therefore, appellant's May 2003 petition was an untimely petition for postconviction relief. Appellant does not argue the existence of either of the exceptions mentioned in R.C. 2953.23(A) governing late or successive petitions. Accordingly, the trial court was without jurisdiction to hear appellant's May 2003 postconviction relief petition.
 III. {¶ 11} The judgment of the Summit County Court of Common Pleas is affirmed, albeit for reasons different than expressed by that tribunal.
Judgment affirmed.
SLABY, P.J. and WHITMORE, J., CONCUR